UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12220-RGS

XINRONG ZHUANG

v.

GEORGE W. BUSH, and
BARACK OBAMA

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DEFENDANTS' REQUEST FOR DISMISSAL

April 25, 2013

STEARNS, D.J.

Plaintiff Xinrong Zhuang alleges that from 2006 until November of 2009, he was attacked from the sky by the United States government with powerful war weapons. Zhuang contends that former President George Bush and current President Barack Obama are liable in negligence for their failure to prevent agencies within the United States government from launching these attacks. Zhuang has moved for summary judgment on his claims. Conversely, the United States has moved for dismissal of Zhuang's Complaint under Fed. R. Civ. P. 12(b)(1). Zhuang's motion for summary judgment is denied, and the United States motion for dismissal will be allowed for the following reason.

The government's motion to dismiss questions "whether the federal district court

has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005). In considering a 12(b)(1) motion, the court is to "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). It is Zhuang's responsibility as plaintiff "to prove the existence of subject matter jurisdiction." *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).

The Federal Torts Claim Act ( FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is the exclusive remedy "for injury . . . arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679 (b)(1). The FTCA provides limited waiver of sovereign immunity of the United States for torts committed by federal employees acting within the scope of employment. *See Santoni v. Potter*, 369 F.3d 594, 602 (1st Cir. 2004). Under the FTCA,

> an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The FTCA requires presentment of the claim to the administrative agency prior to filing a lawsuit in order to give the agency sufficient

notice to commence an investigation, place a value on the claim, and to "permit settlement of meritorious claims more quickly and without litigation." *Barrett ex rel. Estate of Barrett v. U.S.*, 462 F.3d 28, 41 (1st Cir. 2006), quoting *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005).

The FTCA dictates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "Accordingly, it is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). This "jurisdictional prerequisite to suit cannot be waived." *Id.* In his Complaint, Zhuang acknowledges that his claim against President Bush accrued on June 8, 2006, and his claim against President Obama accrued beginning in his first term in 2008, and culminating in an event in November of 2009. See Complaint ¶¶ 1, 5, 10. As Zhuang has failed to file administrative claims with the proper government agenc(ies) within two years of the accrual of those claims, and failed to exhaust his administrative remedies prior to commencing this litigation, his Complaint must be dismissed.[1]

---

[1] It also appears that Zhuang did not make proper service on the defendants under Fed. R. Civ. P. 4(i). The rule prescribes that service be effected upon the United States, its agencies, and officers by delivering copies of the summons and Complaint to the United States Attorney by hand delivery or by registered or certified mail, by

3

ORDER

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED. The United States' motion to dismiss is ALLOWED. The Clerk may now close this case.

                SO ORDERED.

                /s/ Richard G. Stearns

                _____
                UNITED STATES DISTRICT JUDGE

---

sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1).